UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

JERMAINE SMITH,

    Plaintiff

vs.                                  Case No.:  _____

CITY OF MIAMI GARDENS,
a political subdivision of the State of Florida, and
OFFICER RUDY HERNANDEZ-AZUETA,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

    Plaintiff, JERMAINE SMITH, sues the Defendant, CITY OF MIAMI GARDENS, a political subdivision of the State of Florida, and states as follows:

    1.    This is a civil rights action in which the Plaintiff seeks relief from this Court for injuries sustained by Plaintiff after having been injured by a Miami Gardens police officer in violation of Plaintiff's civil rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the U.S. Constitution and the laws of the State of Florida.

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

    3.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

    4.    At all times material hereto, Plaintiff, JERMAINE SMITH, was and is a resident of Miami-Dade County, Florida.

    5.    At all times material hereto, Defendant, CITY OF MIAMI GARDENS, was and is a political subdivision of the State of Florida located in Miami-Dade County, Florida.

6. At all times material hereto, Defendant, OFFICER RUDY HERNANDEZ-AZUETA, was and is a resident of Miami-Dade County, Florida, who was employed by CITY OF MIAMI GARDENS in the role of police officer for the City Miami Gardens Police Department.

7. On or about May 14, 2014, Plaintiff was sitting and talking with a friend in a parked care outside another friend's house.

8. Shortly thereafter, Officer Gomez and Defendant, OFFICER RUDY HERNANDEZ-AZUETA, flashed their patrol car lights causing Plaintiff and his friend to exit the vehicle while the police officers had their guns drawn.

9. Defendant, OFFICER RUDY HERNANDEZ-AZUETA, began questioning Plaintiff's friend and then approached Plaintiff to ask the same questions. Plaintiff refused to answer.

10. Without provocation, Defendant, OFFICER RUDY HERNANDEZ-AZUETA, proceeded to forcibly throw Plaintiff to the ground, facedown, onto the street pavement. He then proceeded to place his knee in Plaintiff's back.

11. The event was witnessed by multiple people, all of whom reported that Plaintiff had not attempted to flee the scene, was cooperative with the police officers, had no weapons, took no aggressive action toward Defendant, OFFICER RUDY HERNANDEZ-AZUETA and did not do anything to authorize or justify the use of any force against Plaintiff.

12. Defendant, OFFICER RUDY HERNANDEZ-AZUETA, ordered Plaintiff to get off the ground and Plaintiff advised that his left leg hurt.

13. When Plaintiff advised that he could not stand, Defendant, OFFICER RUDY HERNANDEZ-AZUETA, grabbed Mr. Smith, made him stand up and pushed him against a fence.

14. Defendant, OFFICER RUDY HERNANDEZ-AZUETA, refused to call for medical assistance despite Plaintiff's complaint of being injured.

15. Plaintiff was not arrested and, consequently, the officers drove away leaving Plaintiff in his injured condition.

16. Plaintiff's mother then took Plaintiff to Memorial Hospital Pembroke Urgent Care where he was proven to have an avulsion injury to the left lateral malleolus.

17. As a result of the injury, Plaintiff suffered severe and permanent personal injuries.

18. Plaintiff has retained the undersigned counsel and is obligated to pay said attorneys a reasonable attorney's fee.

19. Plaintiff has complied with all conditions precedent necessary to maintain this action, including compliance with § 768.28, Fla. Stat.

## COUNT I

## 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT, OFFICER RUDY HERNANDEZ-AZUETA

20. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-19 as if same were fully set forth herein and further alleges as follows:

21. The Fourth Amendment to the U.S. Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

22. The Fourteenth Amended to the U.S. Constitution states, in part:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty,

or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

23. At all times material hereto, Defendant, OFFICER RUDY HERNANDEZ-AZUETA, was a duly appointed officer, servant, employee and agent of Defendant, CITY OF MIAMI GARDENS, performing work for the City of Miami Gardens Police Department.

24. At all times material hereto, Defendant, OFFICER RUDY HERNANDEZ-AZUETA, was acting pursuant to and under the laws, statutes, ordinances, regulations, policies and procedures promulgated by the State of Florida, the City of Miami Gardens Police Department and in the course and scope of his employment with Defendant, CITY OF MIAMI GARDENS.

25. At that time that Plaintiff was stopped by Defendant, OFFICER RUDY HERNANDEZ-AZUETA, Plaintiff posed no immediate threat of serious physical harm to the officer or to others; he was not capable of, nor was he in the process of, committing a crime involving the infliction or threatened infliction of serious harm such that he represented an inherent risk to the general public nor was he trying to evade or resist arrest.

26. The act of throwing Plaintiff to the ground, face down, injuring Plaintiff's ankle and putting a knee to Plaintiff's back was objectively unreasonable and known to be unreasonable by Officer RUDY HERNANDEZ-AZUETA at the time these events occurred.

27. Defendant, OFFICER RUDY HERNANDEZ-AZUETA, violated Plaintiff's rights to be free from excessive force guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution and by 42 U.S.C. § 1983.

28. As a result, Plaintiff was subject to unjustifiable and unnecessary excessive force as set forth above.

29. Defendant, OFFICER RUDY HERNANDEZ-AZUETA was acting under the color of law when he used excessive force upon Plaintiff.

30. As a direct and proximate result of Defendant, OFFICER RUDY HERNANDEZ-AZUETA's excessive force, Plaintiff has in the past suffered, and in the future will continue to suffer, the following damages:

    a. Medical expenses;

    b. Pain and suffering;

    c. Loss of the capacity for the enjoyment of life;

    d. Medical expenses;

    e. Rehabilitative expenses;

    f. Lost wages; and

    g. Lost earning capacity.

WHEREFORE, Plaintiff demands judgment against Defendant, OFFICER RUDY HERNANDEZ-AZUETA, along with costs, attorney's fees pursuant to 42 U.S.C. § 1988, punitive damages and for any other relief this Court deems just, equitable and proper.

## COUNT II

## STATE LAW CLAIM FOR BATTERY AGAINST DEFENDANT, CITY OF MIAMI GARDENS

28. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-19 as if same were fully set forth herein and further alleges as follows:

29. Section 768.28(9), Fla. Stat., states as follows:

    No officer, employee, or agent of the state or of any of its subdivisions shall be personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, even, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property . . . . The exclusive remedy for an injury or damage suffered as a result of an act, event, or omission of an officer, employee, or

agent of the state or any of its subdivisions or constitutional officer shall be by action against the governmental entity.

29. Defendant, OFFICER RUDY HERNANDEZ-AZUETA, acting in the course and scope of his employment with Defendant, CITY OF MIAMI GARDENS, intended to physically harm Plaintiff.

30. Defendant, OFFICER RUDY HERNANDEZ-AZUETA, actually harmed Plaintiff.

31. As a direct and proximate cause of Defendant, OFFICER RUDY HERNANDEZ-AZUETA's actions, Plaintiff suffered severe and permanent physical injuries.

32. As a direct and proximate result of Defendant, OFFICER RUDY HERNANDEZ-AZUETA's battery committed in the course and scope of his employment by CITY OF MIAMI GARDENS, Plaintiff has in the past suffered, and in the future will continue to suffer, the following damages:

    a. Medical expenses;

    b. Pain and suffering;

    c. Loss of the capacity for the enjoyment of life;

    d. Medical expenses;

    e. Rehabilitative expenses;

    f. Lost wages; and

    g. Lost earning capacity.

WHEREFORE, Plaintiff demands judgment against Defendant, CITY OF MIAMI GARDENS, along with costs, prejudgment interest and for any other relief this Court deems just, equitable and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated this  12th   day of December 2015.

/s/ Brad E. Kelsky
BRAD E. KELSKY, ESQ.
Counsel for Plaintiff
KELSKY LAW, P.A.
1250 S. Pine Island Road
Suite 250
Plantation, FL 33324
954.449.1400
Fax:  954.449.8986
Email:  bradkelsky@kelskylaw.com
          barbarallins@kelskylawcom
FBN:  0059307